NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 12-2016, 12-2132
_____

MARKEL INTERNATIONAL INSURANCE COMPANY

v.

WESTERN PA CHILDCARE, LLC; ROBERT J. POWELL; GREGORY ZAPPALA;
PA CHILD CARE, LLC; MID-ATLANTIC YOUTH SERVICES CORP.; and VISION
HOLDINGS, LLC.,


WESTERN PA CHILDCARE, LLC; GREGORY ZAPPALA; PA CHILD CARE, LLC;
MID-ATLANTIC YOUTH SERVICES CORP.,

Appellants in No. 12-2016
_____

ALEA LONDON; ATRIUM UNDERWRITERS LIMITED, as lead underwriter for those
Underwriters who subscribe to Policy nos. 12145/ATR 049; and 3525 /ATR 049

v.

PA CHILD CARE LLC.; ROBERT J. POWELL, ESQUIRE; GREGORY ZAPPALA


PA CHILD CARE, LLC; GREGORY ZAPPALA,

Appellants in No. 12-2132
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Nos. 3:09-cv-2256, 3-10-cv-01156)
District Judge: Honorable A. Robert Caputo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 28, 2013

_____

Before: FUENTES, FISHER, and CHAGARES, *Circuit Judges*.

(Filed: July 8, 2013  )

_____

OPINION OF THE COURT

_____

FUENTES, *Circuit Judge*:

In this insurance coverage action, the primary issue is whether the District Court correctly held that Markel International Insurance Company, Alea London Limited, and Atrium Underwriters Limited (collectively, the "Insurers") owe the defendants in the underlying disputes an obligation to defend or indemnify them. On motions for summary judgment, the District Court held that the Insurers did not owe the defendants a duty to defend or indemnify. We will affirm.

## I.

Because we write primarily for the parties, we set forth only the facts and procedural history relevant to our conclusion.

In 2009 and 2010, numerous civil actions (the "underlying actions") were filed in the United States District Court for the Middle District of Pennsylvania against various defendants including Robert Powell and Gregory Zappala, owners and operators of PA Childcare, LLC (PACC), Western PA Childcare, LLC (WPACC), and Mid-Atlantic Youth Services Corporation (MAYS) (collectively, the "PACC Defendants"). The

underlying actions allege that the PACC Defendants, along with former Pennsylvania state judges Mark A. Ciavarella Jr. and Michael T. Conahan conspired to knowingly violate the constitutional rights of the plaintiffs in the underlying actions through the payment of bribes and kickbacks in exchange for influence in the construction of juvenile detention facilities and sentencing of juvenile offenders to those facilities. According to the complaints, the PACC Defendants entered into agreements with Conahan and Ciavarella to place juveniles at these facilities in exchange for concealed payments.

The Insurers issued comprehensive general liability insurance policies to WPACC and PACC, under which Powell and Zappala qualified as insured. These policies covered bodily injury and property damage that may arise in connection with the operation of the youth centers, but were limited to accidental injury and damage and excluded expected or intended conduct. The policies also covered personal injury, excluding injuries that arose out of willful violations of penal statutes or were caused by the insured with the knowledge that the actions would violate the rights of another.

The Insurers brought the instant actions seeking declarations that they have no duty to defend or indemnify the PACC Defendants in connection with the underlying actions. The parties cross-moved for summary judgment, and the District Court granted summary judgment in the Insurers' favor, ruling that there was no duty for them to defend or indemnify the PACC Defendants. The PACC Defendants timely appealed.

II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291. We review the District Court's entry of summary

3

judgment *de novo* and apply "the same standard as the District Court in determining whether summary judgment was appropriate." *United States ex rel. Kosenske v. Carlisle HMA, Inc.*, 554 F.3d 88, 94 (3d Cir. 2009).

In the Markel action, the District Court concluded that Markel had no duty to defend the PACC Defendants against bodily injury or property damage because the allegations in the underlying complaints failed to qualify as "occurrences" under the insurance policies because the reckless and intentional conduct alleged was not "accidental" under Pennsylvania law. The District Court also concluded that there was no duty for Markel to defend the PACC Defendants against personal injury because the allegations fell under the exclusion for a knowing violation to the rights of others. Because there was no duty to defend, the District Court held there was no duty to indemnify the PACC Defendants. In the Alea and Atrium action, the District Court concluded for similar reasons as in the Markel action that there was no duty for Alea and Atrium to defend or indemnify the PACC Defendants for the bodily injury, property damage, and personal injury alleged in the underlying complaints. The District Court also held that the alleged conduct failed to qualify as personal injury under two of the Alea insurance policies because it fell under the "violation of penal statute" exclusion.

We agree. After reviewing the briefs and appendices submitted by the parties, we find no basis for disturbing the March 8, 2012 and March 19, 2012 opinions of the District Court. We thus affirm the orders of the District Court substantially for the reasons set forth in its opinions.